## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL HOUSE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-04-4849 |
| | § | |
| DOUGLAS DRETKE, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND OPINION

Petitioner, Michael House, seeks habeas corpus relief under 28 U.S.C. §§ 2241 and 2254, challenging a 2002 state felony conviction for aggravated robbery. Respondent filed a motion for summary judgment, with a copy of the state court record. Based on careful consideration of the pleadings, the motion, the record, and the applicable law, this court grants respondent's motion and, by separate order, enters final judgment. The reasons are set out below.

## I.      Background

A jury in the 174th District Court of Harris County, Texas found House guilty of the felony offense of aggravated robbery. (Cause Number 31,669A). On May 20, 2002, the court sentenced House to a fifty-eight year prison term. The First Court of Appeals of Texas affirmed House's conviction on June 29, 2003. *House v. State*, No. 01-02-00580-CR, 2003 WL 21404316 (Tex. App.--Houston [1st Dist.] 20031) (not designated for publication). The

Texas Court of Criminal Appeals refused House's petition for discretionary review on January 28, 2004.  Muirheid filed an application for state habeas corpus relief on October 19, 2004, which the Texas Court of Criminal Appeals denied without written order on December 8, 2004.  *Ex parte House,* Application No. 560,667-01at 2.

On December 22, 2004, this court received House's federal petition.  House contends that his conviction is void because his trial counsel rendered ineffective assistance by failing to object to extraneous offense evidence.  (Docket Entry No. 1, Petition for Writ of Habeas Corpus, pp. 7-8A).  Respondent argues that House has failed to present grounds for federal habeas relief.

## II.    The Applicable Legal Standards

House's petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  Subsections 2254(d)(1) and (2) of AEDPA set out the standards of review for questions of fact, questions of law, and mixed questions of fact and law that result in an "adjudication on the merits."  An adjudication on the merits "is a term of art that refers to whether a court's disposition of the case is substantive, as opposed to procedural."  *Miller v. Johnson,* 200 F.3d 274, 281 (5th Cir. 2000).

The AEDPA provides as follows, in pertinent part:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

2

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;  or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

(e)

(1)  In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

A state court determination of questions of law and mixed questions of law and fact is reviewed under 28 U.S.C. § 2254(d)(1) and receives deference unless it "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." *Hill v. Johnson,* 210 F.3d 481, 485 (5th Cir. 2000). A state court decision is "contrary to" Supreme Court precedent if: (1) the state court's conclusion is "opposite to that reached by [the Supreme Court] on a question of law" or (2) the "state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent" and arrives at an opposite result. *Williams v. Taylor,* 120 S. Ct. 1495 (2000). A state court unreasonably applies Supreme Court precedent if: (1) it unreasonably applies the correct legal rule to the facts of a particular case; or (2) it "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply

or unreasonably refuses to extend that principle to a new context where it should apply." *Id.* at 1520. In deciding whether a state court's application was unreasonable, this court considers whether the application was "objectively unreasonable." *Id.* at 1498; *Penry v. Johnson,* 215 F.3d 504, 508 (5th Cir. 2000). Questions of fact found by the state court are "presumed to be correct . . . and [receive] deference . . . unless it 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Hill,* 210 F.3d at 485 (quoting 28 U.S.C. § 2254(d)(2)).

While, "[a]s a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases," *Clark v. Johnson,* 202 F.3d 760, 764 (5th Cir.), *cert. denied,* 531 U.S. 831 (2000), the rule applies only to the extent that it does not conflict with the habeas rules. Section 2254(e)(1) -- which mandates that findings of fact made by a state court are "presumed to be correct" -- overrides the ordinary rule that, in a summary judgment proceeding, all disputed facts must be construed in the light most favorable to the nonmoving party. Unless the petitioner can "rebut[ ] the presumption of correctness by clear and convincing evidence" as to the state court's findings of fact, they must be accepted as correct. *Smith v. Cockrell,* 311 F.3d 661, 668 (5th Cir. 2002), overruled on other grounds by *Tennard v. Dretke*, 542 U.S. 274 (2004).

*Pro se* habeas petitions are construed liberally and are not held to the same stringent and rigorous standards as are pleadings filed by lawyers. *See Martin v. Maxey,* 98 F.3d 844, 847 n.4 (5th Cir. 1996); *Guidroz v. Lynaugh*, 852 F.2d 832, 834 (5th Cir. 1988); *Woodall v.*

4

*Foti,* 648 F.2d 268, 271 (5th Cir. Unit A June 1981).  This court gives House's  federal habeas petition a broad interpretation.  *Bledsue v. Johnson,* 188 F.3d 250, 255 (5th Cir. 1999).

## III.    Analysis

Respondent relies on the summary of the evidence set out in the state appellate court's decision.  That summary included evidence that House came into a medical clinic, used a handgun to knock the doctor unconscious, sexually assaulted the doctor's assistant, robbed an individual who had come to see the doctor at gunpoint, and fled, driving the individual's car.  House was arrested when a license plate check revealed that the car was stolen.  He was positively identified by the doctor and the owner of the car in a lineup.  The witnesses at trial included the medical assistant, the doctor, and the owner of the car, as well as the investigating officers.  House also testified, as did two alibi witnesses.

## VI.    The Claim of Ineffective Assistance of Trial Counsel

To prevail on a claim of ineffective assistance of counsel, a petitioner must show that his counsel's actions fell below an objective standard of reasonableness and petitioner suffered prejudice as a result.  *Strickland v. Washington,* 466 U.S.  668 (1984); *Martin v. Cain,* 246 F.3d 471, 477 (5th Cir. 2001).  The district court may dispose of a claim if counsel either rendered reasonably effective assistance or no prejudice can be shown.  A court evaluating a claim of ineffective assistance need not address the reasonableness component first.  If a petitioner fails to make one of the required showings, the court need not address the other.  *Strickland,* 466 U.S. at 697.

5

In assessing the reasonableness of counsel's performance, the court must indulge a strong presumption that the performance falls within the "wide range of reasonable professional assistance" and that "the challenged action might be considered sound trial strategy." *Strickland,* 466 U.S. at 689; *Gray v. Lynn,* 6 F.3d 265, 268 (5th Cir. 1993). If counsel's action is based on well-informed strategic decisions, it is "well within the range of practical choices not to be second-guessed." *Rector v. Johnson,* 120 F.3d 551, 564 (1997) (quoting *Wilkerson v. Collins,* 950 F.2d 1054, 1065 (5th Cir. 1992), *cert. denied,* 509 U.S. 921 (1993)).

As to the prejudice portion of the inquiry, a convicted defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. An attorney's strategic choices based on information supplied by the defendant and gathered from an investigation of the relevant law and facts "are virtually unchallengeable." *Id.* at 690.

In this habeas petition, House argues that his trial counsel should have objected to the evidence of the sexual assault he committed during the robbery. The state habeas court concluded that House was not entitled to relief on this ground. The Court of Criminal Appeals implicitly based its denial of habeas relief on this finding. These determinations are entitled to a presumption of correctness. 28 U.S.C. § 2254(e)(1); *Moore v. Johnson,* 194 F.3d 586, 604 (5th Cir. 1999) (op. on reh'g). House has not produced clear and convincing evidence to rebut this finding.

6

The Texas and federal rule of evidence on admission of extraneous offenses, both numbered 404(b) of the respective rules, generally prohibit the admission of extraneous offense evidence, but both recognize exceptions. Texas recognizes an exception for "same transaction contextual evidence." In *Mayes v. State*, 816 S.W.2d 79 (Tex. Cr. App. 1991), the court explained as follows:

> Same transaction contextual evidence is deemed admissible as a so-called exception to the propensity rule where "several crimes are intermixed, or blended with one another, or connected so that they form an indivisible criminal transaction, and full proof by testimony, whether direct or circumstantial, of any one of them cannot be given without showing the others." . . . The reason for its admission "is simply because in narrating the one it is impracticable to avoid describing the other, and not because the other has any evidential purpose." . . . Necessity, then, seems to be one of the reasons behind admitting evidence of the accused's acts, words and conduct at the time of the commission of the offense.

816 S.W.2d at 87 n.4 (citations omitted). A review of the record reveals that evidence of House's sexual assault on the doctor's assistant was integral to the criminal transaction, the robbery of the individuals in the clinic, at gunpoint, and the physical force used against the victims during the robbery. Texas courts have approved the introduction of such evidence in similar cases. *See, e.g., Tatum v. State*, 2002 WL 1810374 (Tex. App.–Dallas) (evidence of defendant's sexual assault of robbery victim's wife admitted as same transaction contextual evidence); *Rogers v. State,* 853 S.W.2d 29, 33 (Tex. Cr. App. 1993). Counsel for defendant was not deficient for failing to object to the admissibility of the evidence, and there is no basis to find that such an objection would have altered the outcome of the trial.

7

The state court's decision as to the effective assistance of counsel reasonably applied the law to the facts, consistent with clearly-established federal law. House has not shown a basis for the relief he seeks. 28 U.S.C. § 2254(d)(1).

## VIII.  Conclusion

Respondent's Motion for Summary Judgment is GRANTED. House's petition for a writ of habeas corpus is DENIED. This case is DISMISSED. Any remaining pending motions are DENIED as moot. Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a petitioner must obtain a certificate of appealability before he can appeal the district court's decision. 28 U.S.C. § 2253(c)(1). This court will grant a COA only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make a substantial showing, a petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because House has not made the necessary showing, this court will not issue a COA.

SIGNED on August 18, 2005, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge